FERNANDO WILLIS, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, November 23, 1914.

1. NEGLIGENCE: Sidewalk: Sunken Block: Doorway. Where a city permits a block in a granitoid sidewalk under the doorway of an abutting shoe shop to sink three inches below the block next to it, and one in stepping out of the door has his foot turned by the uneven surface of the walk, throwing him and breaking his ankle, the question of the city's negligence and the other's contributory negligence is for the jury.

2. ———: Notice: Police. Knowledge of the police of the city of a defect in a sidewalk is evidence of knowledge by the city.

3. ————: Street: Much Travel: Care. It is the duty of a city to keep a closer oversight for the safety of a street that is much traveled, than one where the travel is light.

4. ————: ————: Evidence: Notice. Evidence on notice of time and place of accident *held* sufficient for the jury.

Appeal from Buchanan Circuit Court.—*Hon. C. H. Mayer*, Judge.

AFFIRMED.

*Frank B. Fulkerson, L. E. Thompson* and *Herman Hess* for appellant.

(1) Defendant's demurrers should have been given, the defect in the sidewalk, as shown by plaintiff's evidence, not being sufficient to render the city liable. Chicago v. Nooman, 116 Ill. App. 570; Morgan v. Lewiston, 91 Me. 566, 40 Atl. 545; Hamilton v. Buffalo, 173 N. Y. 72, 65 N. E. 944; Marroney v. New York City, 97 N. Y. Supp. 642; Morroney v. New York City, 103 N. Y. Supp. 1135; Marroney v. New York City, 190 N. Y. 560; Tubesing v. Buffalo, 64 N. Y. Supp. 399; Shall v. N. Y. City, 84 N. Y. Supp. 737; Betts v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401. (2) The notice to the city should not have been admitted because of variance with date of alleged injuries in the petition. Anthony v. City of St. Joseph, 152 Mo. App. 180-182; R. S. 1909, sec. 8863. (3) The court should have taken judicial knowledge of the discrepancy between the date in the notice to the city, October 10, 1913, and the day of the accident, Saturday. Mason v. Crowder, 85 Mo. 526.

*Robert C. Bell* for respondent.

(1) Appellant's instruction in the nature of a demurrer to the evidence was very properly refused because the existence of the rough and uneven place or

perpendicular elevation to the height of three inches in the sidewalk rendered it dangerous and unsafe for pedestrians, and permitting it to remain in that condition was negligence on the part of appellant. Alexander v. St. Joseph, 170 Mo. App. 376; O'Donnell v. City of Hannibal, 144 Mo. App. 155; Hill v. City of St. Joseph, 143 Mo. App. 389; Sutter v. Kansas City, 138 Mo. App. 105; Kelley v. Kansas City, 153 Mo. App. 484; Foster v. Kansas City, 153 Mo. App. 504; Coffey v. Carthage, 186 Mo. 573. (2) The law requires that notice be given the city only that it may investigate the facts and circumstances surrounding an accident and thereby ascertain whether the claim be just or fictitious and fraudulent, and to this end a substantial compliance with the statute is all that is necessary. Reno v. City of St. Joseph, 169 Mo. 655, 656; Snowden v. City of St. Joseph, 163 Mo. App. 672. (3) It was not error to admit evidence showing that police officers frequently passed the place where respondent was injured. Carrington v. City of St. Louis, 89 Mo. 208. (4) Police officers, by statute, are made officers and agents of the city. Sec. 8782, R. S. 1909.

ELLISON, P. J.—Plaintiff's action is for personal injury received on one of defendant's sidewalks, which he alleges was allowed to become dangerously out of repair. He obtained judgment in the circuit court.

The evidence tended to show that plaintiff stepped from the doorway of a shoe shop onto the sidewalk which at that place, about midway under the door, was in this condition: The walk was of granitoid laid in blocks, and one of these blocks had settled or sunk from two and one-half to three inches. Plaintiff stepped on the edge of the higher block when his foot turned and he fell, breaking bones in his ankle. This condition had existed for a sufficient length of time to

charge the city with notice and there was evidence tending to show that the city policeman on their beats had observed it. We cannot say, as a matter of law, that this was not negligence in the city; nor can we say, as a matter of law, that plaintiff was guilty of negligence in not seeing and avoiding the defect. Both were questions for the jury.

It is suggested that knowledge of the policemen would not affect the city. The contrary has been decided. [Carrington v. St. Louis, 89 Mo. 208.]

Objection to instruction number 2, for plaintiff, seems not well taken. It asserted the proposition that a city was required to use greater diligence in looking after the safety of its streets which were much traveled than those where the travel was light. The instruction is supported by McKissock v. St. Louis, 154 Mo. 588, 595; Young v. Webb City, 150 Mo. 333.

The statute (Sec. 8863, R. S. 1909) requires notice to the city giving date and place of the injury received. The notice in this case was that the injury was received on the 10th day of October, 1913, and defendant contends the evidence shows it to have been received on the 11th of that month, and therefore, under the authority of Anthony v. City of St. Joseph, 152 Mo. App. 180, there was a fatal variance requiring a judgment for the city. There was a preponderance of evidence in favor of defendant's insistence that the injury happened on the 11th; but there was some substantial evidence that it was on the 10th and we must accept the verdict of the jury and the trial court's approval as final.

There is no error justifying a reversal and the judgment is affirmed. All concur.