HELENA B. DAVID, Appellant, v. CITY OF ST. LOUIS, a Municipal Corporation, and LILLIE ERNST.—96 S. W. (2d) 353.

Division Two, August 20, 1936.

*Benjamin B. Smith, J. Edward Gragg* and *Robert L. Aronson* for appellant.

*Oliver J. Miller* and *Lashly, Lashly & Miller* for Lillie Ernst.

*Edgar H. Wayman, Oliver Senti* and *Jerome Simon* for the City of St. Louis.

WESTHUES, C.—Appellant, plaintiff below, filed suit against respondents to recover $25,000 in damages for personal injuries alleged to have been sustained as the result of a fall upon a public sidewalk, at 6058 Kingsbury Avenue, in the city of St. Louis, Missouri. At the close of plaintiff's case the trial court gave, and read to the jury, an instruction, on behalf of each defendant, directing a verdict in their favor. Plaintiff thereupon took an involuntary nonsuit as to both defendants with leave to file a motion to have the same set aside. Plaintiff's motion to have the nonsuit set aside was overruled and she appealed.

Plaintiff's evidence disclosed that while she was walking along the sidewalk in question, on the evening of January 13, 1931, she fell, due to a defect in the sidewalk. A light snow had fallen, obstructing the defect from view. The evidence was sufficient to make a case for the jury. The only point briefed here is on the question of the sufficiency of the notice, which plaintiff, served upon the city, as required by Section 7493, Revised Statutes 1929 (8 Mo. Stat. Ann., p. 5960). The notice, which is the bone of contention on this appeal, read as follows:

" 'Honorable Victor J. Miller, Mayor of the City of St. Louis, State of Missouri. Dear Sir: You are hereby notified that the undersigned, Helen B. David, of the City of St. Louis, Missouri, was injured on the 13th day of January, 1931, on the sidewalk situate at 6058 Kingsbury, when the said Miss Helen B. David was walking along the sidewalk in front of the above premises, when she was caused to fall due to the defective condition thereof. Kindly be further notified that the said Miss Helen B. David will claim damages from the City of St. Louis for the injuries sustained afore-

244

said as a result of the negligence and carelessness of said City of St. Louis, its agents, servants and employees.' Signed, 'Helena B. David;' and notarized as follows: 'State of Missouri, City of St. Louis, SS. On the 10th day of March, 1931, before me personally appeared Miss Helen B. David, who after being duly sworn upon her oath says that the facts stated in the above notice are true, according to the best of her knowledge and belief.' Again signed by Helena B. David. 'Subscribed and sworn to before me the day and year above written. My commission expires August 26, 1931. Harvey Eder, Notary Public.'

"And in ink at the bottom of this notice reads as follows: 'Received by Victor J. Miller, 3/23/'31, at 2:30 p. m.'"

This necessarily draws in question the meaning and purpose of Section 7493, supra. It reads:

"No action shall be maintained against any city of this state which now has or may hereafter attain a population of one hundred thousand inhabitants, on account of any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city, until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city."

It is urged that the notice in the case was defective because it did not state the circumstances and character of plaintiff's injuries. In the case of Cole v. City of St. Joseph, 50 S. W. (2d) 623, l. c. 625 (5), this court in considering a similar statute said:

"The prime object is to give the city prompt notice of claimed injuries due to negligent defects in the streets, sidewalks, etc., in order that the city may make investigation of the facts while existing conditions remain unchanged and witnesses knowing the facts are available and to be found."

We cannot improve upon that statement. The whole purpose and object of the statute was concisely stated. Respondent city cited the Cole case, supra, and also Lyons v. St. Joseph, 112 Mo. App. 681, 87 S. W. 588, and Jacobs v. St. Joseph, 127 Mo. App. 669, 106 S. W. 1072, as authority that the notice in the instant case was insufficient. In the Cole case the notice was held fatally defective because it was not verified, as the statute there under consideration required. That case is, therefore, not in point. In the Lyons case the notice was held defective because it failed to state how the injury was received. The notice simply recited:

"Said injuries were sustained by me while walking upon the sidewalk of said city at the intersection of Dewey Avenue and Louis Street."

The material defect in such a notice is apparent. It did not notify the city whether the claimant was run over by the fire department in answering a call, whether she was struck by a falling object, or whether she fell, due to a defective sidewalk. In other words the notice was of no value to the city, if it desired to investigate the cause of the claimant's injuries. We have no fault to find with the Lyons case on that point. The Jacobs case, however, supports the contention made that the notice must particularize the injuries sustained. The notice read:

"Julia Jacobs, of lawful age, being first sworn, states that on the 3rd day of October, 1903, in the city of St. Joseph, Mo., on Twentieth Street, between Sacramento Street and Mitchell Avenue, and while walking along the sidewalk in front of the residence and property of Charles Lang, at said time and place, she fell and was injured on account of a loose and broken board in said sidewalk, on account of which she sustained great injuries. Affiant further states that she will claim damages from the city of St. Joseph, Mo., on account of same."

The court in that case tersely said:

"The notice was insufficient, in that it failed to state, in any way, the character of plaintiff's injuries."

We are of the opinion that the notice in the Jacobs case was sufficient. The case of Reno v. St. Joseph, 169 Mo. 642, 70 S. W. 123, was cited as an authority for the ruling. But an examination of the Reno case will disclose that it does not support the Jacobs case. In the Reno case this court said:

"It is also urged that the notice does not state all the facts in relation to the sidewalk and plaintiff's injury as fully as these matters are stated in the petition, nor sufficient facts to show the liability of the city. The notice is only required to state the time and place and the character and circumstances of the injury. It is intended for the benefit of the city, in order to put its officers in possession of the salient facts upon which the claim for damages is predicated, and the place where the injury is alleged to have occurred, in order that they may investigate them, and thereby ascertain whether the claim be a just one, or fictitious and fraudulent; and, to this end, it was not necessary that the injury, to its fullest extent, scope, and effect, be set forth in the notice, but a substantial compliance with the statute was all that was necessary."

The court also quoted with approval from Dalton v. City of Salem, 136 Mass. 279, as follows:

"The purpose of the notice was to give the city such information as would enable it to investigate the cause relied upon; and, if it was sufficient for that purpose, it was sufficient as a condition precedent to maintaining the action."

In the Reno case the notice particularized the injuries sustained. The petition alleged injuries not mentioned in the notice and recovery for such injuries was sustained. Did not the notice in the Jacobs case enable the city to make an investigation as to the extent of the injury? Most certainly if a city be notified that a certain person on a certain day sustained personal injuries for which damages will be claimed it can make a full investigation of the extent of the injuries. That is the very purpose of the statute. We are of the opinion that the notice need not detail the injuries. A notice must be given, but as to its contents the statute must be liberally construed. A substantial compliance is sufficient. In 43 Corpus Juris, 1192, 1193, section 1962, we read:

"Such statutory requirements being for the benefit of the municipality, in order to put its officers in possession of the facts upon which the claim for damages is predicated, and the place where the injuries are alleged to have occurred in order that they may investigate them and adjust the claim without the expense of litigation, a reasonable or substantial compliance with the terms of the statute is all that is required; and where an effort to comply with such requirements has been made and the notice, statement, or presentation when reasonably construed is such as to accomplish the object of the statute, it should be regarded as sufficient. . . ."

Cases from many states, including Missouri, are cited in support of the text.

We must not lose sight of the fact that this and similar statutes are general in character and are intended to embrace all actions, which may be brought against a city, growing out of any defect in the streets or sidewalks. In a well-reasoned opinion by BLAND, J., the Kansas City Court of Appeals held in Dohring v. Kansas City, 71 S. W. (2d) 170, that a husband could not maintain an action against the city (absent a notice) for loss of services of the wife who had been injured in a fall upon a sidewalk. The wife in that case had notified the city, or rather had filed her suit for damages, within ninety days after the injury. This the court held was not a notice that the husband would claim damages. The court also held, and we think correctly so, that the word "injury," as used in the statute, must be interpreted to mean and include any damage for which an action may be maintained against a city, and therefore a notice was required if the husband in that case desired to claim damages. Note what the court said in 71 S. W. (2d) 170, l. c. 172:

"We think there is no question but that the word 'injury' appearing in the statute now before us was used by the Legislature, not in a technical sense but in the usual meaning, that is, in the sense of 'hurt' or 'damage' and includes damages or injuries resulting to relative rights as well as direct injuries or injuries to absolute rights." [See, also, 32 C. J. 515, sec. 3.]

In the light of that interpretation it must follow that a claimant sufficiently characterizes an injury, if in the notice he states that he was personally injured, or that his wife was injured, for which injury damages will be asked, or that his property, such as a horse or an automobile, was damaged. The city, if such notice be given, is then in possession of facts which will enable it to make a full investigation and ascertain the extent of the injuries. A notice should be held good if it contains such information as to focalize the attention of the city to the essential facts as enumerated in the statute. The notice in the present case was in writing, served upon the mayor within ninety days. It stated the place where, and the time when such injuries were sustained. It characterized the injury by informing the city that the claimant had sustained *personal injuries,* and it gave the circumstances of the injury by stating that when claimant was walking along the sidewalk she was caused to fall, due to a defective condition thereof. Also that she would claim damages for the injury sustained. This notice complied with all the requirements of the statute. It gave ample information to the city, so that it could with certainty investigate every phase of the case. Suppose A, while driving a car upon the public street in the nighttime, wrecked it upon an unguarded obstruction, and was also personally injured, would A be compelled to itemize the damage to his car and also to his person in the notice, or would it be sufficient if the notice stated that his car had been damaged and that he had sustained personal injuries? We think the latter would be sufficient to characterize the injury, and that that is the meaning of the phrase in the statute, "the character of the injury." The holding in the Jacobs case, supra, and similar rulings are disapproved.

Appellant briefed the point that the sufficiency of the notice, under the pleadings, was not in issue in the case because the defendant city did not in its answer question its sufficiency. In the case of Koontz v. City of St. Louis, 89 S. W. (2d) 586, l. c. 590, it was said:

"The case here is not one in which the plaintiff's cause of action was created by the statute. The giving of the notice was not essential to make out her cause of action. She had a perfectly valid cause of action at common law as soon as she was injured. [Randolph v. City of Springfield, 302 Mo. 33, 257 S. W. 449, l. c. 451, 31 A. L. R. 612.]

"We think the statute goes to the remedy rather than the right. Its evident purpose is to give the defendant an early opportunity to investigate the facts and circumstances of the injury. It was enacted for the protection of the defendant against imposition. It was not enacted to be used as a means of working an imposition on the plaintiff. If the defendant proposes to put the matter of notice

in issue, it should, in fairness to the plaintiff, do so by appropriate pleading.''

We are satisfied with the ruling in the Koontz case. Respondents, in answer to that contention, said the notice given was fatally defective and, therefore, it would be useless to reverse and remand the case since the city could, as was held in the Cole case, supra, amend its answer and raise that issue. In this case we have determined that the notice was sufficient. The court, therefore, erred in giving the city's instruction in the nature of a demurrer to the evidence.

Appellant has presented only one point with reference to the demurrer given on behalf of the defendant Lillie Ernst. This assignment of error reads:

''The Court erred in giving and reading to the jury, at the request of defendant Lillie Ernst, an instruction in the nature of a demurrer to the evidence at the close of all the evidence in the case, since only the plaintiff's evidence had been received and all the evidence had not yet been presented.''

The point was not briefed. The instruction read:

''At the close of all the evidence in this case the Court instructs the jury that under the pleadings and the evidence in this case the plaintiff is not entitled to recover against defendant Lillie Ernst, and you will find your verdict for said defendant.''

The error referred to was technical to say the least. The instruction was given at the close of plaintiff's evidence. Appellant, the plaintiff, treated the instruction as such and took an involuntary nonsuit. Appellant has not briefed, or raised the question of whether she made a submissible case against the respondent Ernst. We are not called upon to do so.

The judgment of the circuit court is, therefore, reversed and the cause remanded, with directions to reinstate plaintiff's case. Upon a retrial the case should be tried against the city only. With reference to the defendant Ernst the case can be held in abeyance until a final determination of the case against the city, at which time judgment is to be entered in favor of Ernst. It is so ordered. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.