FLORENCE T. GLASGOW v. CITY OF ST. JOSEPH, Appellant.—No. 39046.
—184 S. W. (2d) 412.

Division Two, December 4, 1944.

Rehearing Denied, January 2, 1945.

*Homer C. King,* City Counselor, *Bart M. Lockwood* and *Wm. H. Utz, Jr.,* Assistant City Counselors, for appellant.

*Strop & Strop* and *Abe Goldman* for respondent.

744

BOHLING, C.—The City of St. Joseph appeals from a judgment awarding Florence T. Glasgow $10,000 damages for the death of her husband, James A. Glasgow, resulting from injuries received in an accident on June 25, 1942, on Frederick avenue in said city. The assignments of error question the submissibility of plaintiff's case, the correctness of plaintiff's main instruction, and the admissibility and exclusion of certain evidence.

The evidence favorable to plaintiff's case was to the following effect: Frederick avenue is a heavily traveled paved thoroughfare, carrying traffic in and out of the city via United States Highway 36. Proceeding west along Frederick avenue in the vicinity of the accident (near 34th street) there is a decline in the avenue to near the east entrance to State Hospital No. 2, the road is then level to approximately the west entrance to the Hospital and there is then an incline to near the entrance to the employees' dormitory. Between the two main entrances to the Hospital there is a depression in the roadway. A cultivated field was opposite the Hospital on the north side of the highway. This field sloped toward Frederick avenue. Rains would wash silt from the field onto the pavement on Frederick avenue, and it would accumulate, if not removed, in the dip or depression to a depth sometimes of several inches. This soil or silt would become dusty in dry weather, at times obscuring the view of vehicles after passing. After a rain, the place would be muddy and slick. No marker, warning, or caution sign protected the place. A rain started falling about 1:00 A. M. on the night of the accident and up to 4:00 A. M. about .75 of an inch of rain had fallen. The rain was variously described and we feel it fair to say a good heavy rain fell. Dr. Cabray Wortley, a physician and surgeon, passed over the spot a little after 3:00 A. M. on a professional call. He was traveling approximately 25 miles an hour and ran "into this puddle," causing the dirty water to spray over his windshield and blind his vision for a few wipes of the blade of the windshield wiper. He was returning from his call at 4:00 A. M. or a little later. As he approached the "puddle," he

slowed to 10 miles an hour and noticed an approaching car (a taxi, operated by James A. Glasgow), traveling eastwardly at approximately 25 miles an hour. When "it hit the puddle," "the water flew up over the windshield and blinded his [Glasgow's] vision." The taxi started to cut across to the north side of the pavement. It kept coming. "After a few wipes of the blade," he attempted to straighten out and the car began to skid. He came toward the witness' car "practically sideways." In the meantime, witness attempted to stop and witness' car skidded about 8 or 10 feet. The collision resulted. The witness, Dr. Wortley, placed the point of the collision "about halfway between the edge of the puddle and this marker," a United States Highway No. 36 marker on the shoulder; and when informed a witness had testified the distance was 200 feet between the puddle and the marker, he stated the point of collision "must be 100 feet west of the marker." This, of course, was an estimate but placed the accident within the first 100 feet east of the "puddle."

The subsequent facts are not determinative of any issue presented by this review. There was evidence to the effect that Mr. Glasgow's death was the result of injuries received in the collision.

Defendant's assignment that its demurrer to the evidence should have been sustained is based upon four points to the effect that defendant was not guilty of actionable negligence.* We understand plaintiff does not █ question the correctness of the holdings relied upon by defendant. They are to the effect that a cause of action does not arise against a municipality merely because the presence of water and mud on a highway creates a dangerous condition until such condition has continued a sufficient length of time to charge the municipality with actual or constructive notice thereof and thereafter to afford it an opportunity to remedy the defect in the exercise of due care. Luettecke v. St. Louis, 346 Mo. 168, 175[2], 140 S. W. 2d 45, 48[3], holding the municipality not liable for the dangerous condition of a sidewalk resulting from a freezing rain which started falling a few hours prior to the accident and continued into the following day and which created a general condition produced by natural causes throughout the city. Nimmo v. Perkinson Bros. Const. Co. (Mo.), 85 S. W. 2d 98, 101[1-3], citing cases. Plaintiff does not contend, as we read her brief, that this particular silt existed at this particular location for so great a length of time as to charge defendant

---

*Defendant's "Points and Authorities," state these contentions: 1. Plaintiff must adduce evidence of defendant's negligence and the necessary causal connection. 2. Defendant was not liable for a slippery condition resulting from rains falling immediately before the injury. 3. Defendant was not liable until a dangerous condition existed long enough for defendant, in the exercise of reasonable care, to know legally of the condition and have an opportunity to remedy it. 4. Defendant was not liable for a dangerous condition resulting from the unauthorized act of a third person until it had notice, actual or constructive, thereof and a reasonable opportunity to remedy the condition.

with legal notice thereof and thereafter to afford defendant due opportunity to remedy the situation. Plaintiff's position is that the municipality suffered an actionable defect, with which it was charged with knowledge, to continue to exist in the street which, in the ordinary course of natural events permitted silt to accumulate and, in the event of a rain, made the street slippery and dangerous—a condition which did not prevail generally throughout the city but was localized to this particular situs after rains. Plaintiff's cause of action is not for negligence in not removing this particular silt and mud. It is for negligence in permitting the condition to continue which allowed the silt to accumulate at this particular place and become slippery and dangerous after rains; a result of natural elements within common sense and knowledge.

The condition heretofore described with respect to this depression or dip in Frederick avenue accumulating silt, etc., was shown to have existed for from two to four years, and to have been known to city officials, police officers and others who would at times remove the silt, for two or more years. Defendant was chargeable with notice of the condition. Willis v. St. Joseph, 184 Mo. App. 428, 431, 171 S. W. 27, 28; Beane v. St. Joseph, 215 Mo. App. 554, 559, 256 S. W. 1093, 1094[1]; Yocum v. Trenton, 20 Mo. App. 489, 494; Barr v. Fairfax, 156 Mo. App. 295, 300, 137 S. W. 631, 633. Also there was evidence that it was feasible to remedy the situation. A municipality is liable, generally speaking, for a negligent failure to keep its streets in a reasonably safe condition for the traveling public. Benton v. St. Louis, 217 Mo. 687, 700(b), 118 S. W. 418, 421(b), 129 Am. St. Rep. 561; Reedy v. St. Louis, 161 Mo. 523, 536(III), 61 S. W. 859, 862(3), 53 L. R. A. 805; Nimmo v. Perkinson Bros. Const. Co., supra. In the circumstances, defendant's authorities do not establish that plaintiff failed to make a submissible case of actionable negligence. See 43 C. J., p. 974, Sec. 1755, p. 1019, Sec. 1799; 25 Am. Jur., p. 641, Sec. 348, p. 802, Sec. 521; Benton v. St. Louis, 248 Mo. 98, 108, 154 S. W. 473, 476[3]; Henson v. Kansas City, 277 Mo. 443, 453, 210 S. W. 13, 16[5, 6]; Reno v. St. Joseph, 169 Mo. 642, 656, 70 S. W. 123, 126; Brolin v. Independence, 232 Mo. App. 1056, 1060, 114 S. W. 2d 199, 202[2]; Lueking v. Sedalia, 180 Mo. App. 203, 208, 167 S. W. 1152, 1153[5]; Cross v. Sedalia (Mo. App.), 203 S. W. 648[1]; Hinds v. Marshall, 22 Mo. App. 208, 213(I); Perrotti v. Bennett, 94 Conn. 533, 109 Atl. 890, 892[5, 6]; Jewett v. State, 249 App. Div. 673, 291 N. Y. S. 206; Annotation, 113 A. L. R. 1047(V).

Defendant claims reversible error because plaintiff's main instruction failed to condition a plaintiff's verdict on a finding, among others, that plaintiff gave a written notice of her right of action under Sec. 6577, R. S. 1939; defendant contending the statutory notice therein required of claims against municipalities of the first class to be a

constitutive element of plaintiff's cause of action to be found by the jury. Section 6577 reads:

"No action shall be maintained against any city of the first class on account of any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city, unless notice shall first have been given in writing, verified by affidavit, to the mayor of said city, within sixty days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city."

Plaintiff's husband gave defendant a verified notice of his injuries on August 21, 1942. He was injured June 25, 1942. He died October 20, 1942. Plaintiff instituted this action for wrongful death on December 16, 1942.

Rice v. Kansas City (Mo. App.), 16 S. W. 2d 659, 662[6], is authority for holding a plaintiff's verdict directing instruction covering the whole case should include a finding of the giving of notice under a similar statute (Sec. 7636, R. S. 1939, relating to cities of over 100,000). Cole v. St. Joseph (Mo. App.), 50 S. W. 2d 623, 625[4, 5], holds the statutory notice, requiring verification, is not complied with by the service of summons and a copy of plaintiff's petition within the statutory time where the petition was not verified by the plaintiff. Dohring v. Kansas City, 228 Mo. App. 519, 520, 71 S. W. 2d 170, 171[1-3], holds a husband suing a city for loss of the services of his wife must give the notice required by now Sec. 7636, mentioned supra, and may not rely upon due notice given by the wife of her claim. David v. St. Louis, 339 Mo. 241, 246[2], 96 S. W. 2d 353, 356[2], 106 A. L. R. 849, broadly states that statutes of this nature "are general in character and are intended to embrace • all actions, which may be brought against a city, growing out of any defect in the streets or sidewalks"; citing and quoting the Dohring case, supra. The writer concurred in the David case, the issue for determination being the sufficiency of plaintiff David's notice and not the scope of the statutes requiring notice to municipalities of claims against them on account of injuries growing out of defective streets et cetera. We there construed the statute liberally in favor of the injured person and strictly against the municipality. These cases, the only authorities cited by defendant on the issue, do not establish error in the instant circumstances.

As to plaintiffs within its provisions the statute is in derogation of the common law and is construed liberally in their favor and strictly against the municipality. Koontz v. St. Louis, 230 Mo. App. 128, 134, 89 S. W. 2d 586, 588[2] citing cases; David v. St. Louis, supra.

Court en banc in Diariotti v. Missouri Pac. Ry. Co., 262 Mo. 1, 7(I), 170 S. W. 865, 866[1], had for consideration a Kansas statute requiring notice. It is there pointed out that a Kansas statutory provision gave a cause of action for wrongful death and another made railroads " 'liable for all damages done to any employee . . . in consequence of any negligence of its agents, or by any mismanagement of its engineers, or other employes, to any person sustaining such damage'." In 1903, provisions were added to the latter statute requiring written notice "by or on behalf of the person injured" within ninety days of the occurrence. It was held that the provisions of 1903 embraced no indication that they were applicable to the statutory actions for death and a construction of the statute should not be strained for the purposes of embracing death actions.

Section 6577, supra, does not in express words provide for notice of a statutory claim for wrongful death. It conditions the maintenance of an action for injuries, not its institution or commencement, growing out of a defect in a street upon a written notice given within sixty days of the occurrence that "the person so injured" will claim damages. The reference is to the occurrence of an injury and not to damages growing out of any injury by reason of any defect, et cetera. In the Rice, Cole, and David cases the plaintiff suffered injuries to his or her person. In the Dohring case the plaintiff's wife suffered the injuries. In each the plaintiff's cause of action existed under the common law and accrued simultaneously with the injury. Plaintiff's cause of action differed. It was statutory for the wrongful death of her husband. It did not exist at common law. It accrued upon his death, October 20, 1942, not upon or within sixty days of the date he sustained the injuries. It was a new cause of action, not accruing simultaneously with and not constituting a revival of her husband's cause of action. State ex rel. v. Daues (Banc), 314 Mo. 13, 29(V), 283 S. W. 51, 56(V). "Missouri has now . . . definitely taken the view that our statute gives 'a new and different cause of action' to the beneficiary; and that because its 'very purpose . . . was to give a cause of action where none existed at common law, it did not revive a cause of action theretofore belonging to the deceased, but it gave a new cause of action to named parties bearing relationship to the deceased.' " Cummins v. Kansas City Pub. Serv. Co. (Banc), 334 Mo. 672, 678[2], 66 S. W. 2d 920, 923[3]. Consult Philes v. Missouri Pac. Ry. Co., 141 Mo. App. 561, 569, 125 S. W. 553, 555. The statutes giving a cause of action for wrongful death (consult Ch. 38, Art. I, R. S. 1909) were in existence when Sec. 6577 was enacted in 1909 (Laws 1909, p. 271, Sec. 329). The General Assembly could easily have extended the provisions of said Sec. 6577 to expressly include the statutory action for wrongful death. Unless actions for death by wrongful act, are explicitly included, it is generally held that like statutory provisions do not apply to an action for wrongful death.

This is especially so where, as in Missouri, the wrongful death action is considered a new cause of action, first springing into existence at the time of death. 25 C. J., p. 1102, Sec. 30, a; 38 Am. Jur., p. 392, Sec. 688; 6 McQuillin, Municipal Corporations, p. 1285, Sec. 2890, n. 12; Annotation, 64 A. L. R. 1059.

We hold the terms of Sec. 6577 do not include an action for wrongful death. It conforms to holdings liberally construing the statute in favor of one within its provisions and strictly against the municipality. It harmonizes with the Missouri constitutional admonition that: "No bill . . . shall contain more than one subject, which shall be clearly expressed in its title." The scope of a statute, more so than its title, should not be extended beyond its clearly expressed provisions.

Defendant's assertion that the instruction failed to allow it a reasonable time, after notice, to remedy the defect is refuted by the instruction conditioning a plaintiff's verdict upon findings, among others, "that said city knew of said condition upon Frederick avenue at the place mentioned in evidence, so that by the exercise of ordinary care on its part it could have remedied said condition, if any, and its failure to do so was negligence, if you so find." The instruction may not be a model but under the authorities it is not reversibly erroneous in this respect, as a reasonable time for remedying the condition is implied in doing it in the exercise of ordinary care and in a failure to remedy constituting negligence. See Merritt v. Kansas City (Mo. App.), 46 S. W. 2d 275, 281[12], citing cases. The undisputed evidence was that the defect existed for two to four or more years.

The instruction sufficiently required a finding of the necessary causal connection. It conditioned a plaintiff's verdict upon a finding that plaintiff's husband died as a direct result of injuries received in the accident of June 25, 1942, by reason of defendant's negligence in failing to remedy a defect in the street. Defendant's instructions required like findings.

We have covered all issues for review under defendant's brief. Other matters, including possibly some hereinbefore discussed and ruled, are not sufficiently preserved for review. Consult Scott v. Missouri Pac. Rd. Co., 333 Mo. 374, 389[14], 62 S. W. 2d 834, 840[17, 18]; Majors v. Malone, 339 Mo. 1118, 100 S. W. 2d 300; Gelhot v. Stein (Mo.), 174 S. W. 2d 174, 175[3], citing cases; Bank of Brimson v. Graham, 335 Mo. 1196, 1203[2], 76 S. W. 2d 376, 379[2]; Burch v. Cleveland, C., C. & St. L. Ry. Co., 328 Mo. 59, 72, 40 S. W. 2d 688, 693[10].

The judgment is affirmed. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by Bohling, C., is adopted as the opinion of the court. All the judges concur.