Alice Brickell, Plaintiff-Appellant, v. Kansas City, Missouri, a Municipal Corporation, Defendant-Respondent, No. 43911—265 S. W. (2d) 342.

Division One, March 8, 1954.

*N. R. Fischer* and *William D. Cosgrove* for appellant.

680

*David M. Proctor,* City Counselor, and *James H. Coonce,* Assistant City Counselor, for respondent.

LOZIER, C.—Plaintiff-appellant's action against defendant-respondent city was for $12,500 damages for personal injuries allegedly resulting from a fall upon a public sidewalk upon which, she alleged, the city had negligently permitted mud and water to accumulate. Plaintiff appeals from an adverse judgment entered upon the sustention of the city's motion for judgment on the pleadings.

In her petition, filed October 29, 1951, plaintiff alleged that she sustained her injuries at a certain place and under certain circumstances on September *15,* 1951. In its answer, filed June 4, 1953, the city first denied all of the petition's allegations (other than that it was a municipal corporation) and alleged that "if plaintiff sustained any injuries at the time and place" alleged in the petition, she was contributorily negligent. The city then alleged that "plaintiff failed to give notice of the accident or occurrence mentioned in the petition * * * as provided in Sec. 82.210 * * *." RSMo 1949, V.A.M.S.

In her reply, filed June 6, 1953 (after denying the answer's allegations as to her contributory negligence and her failure to give notice as required by Sec. 82.210) alleged: That, in her petition, she had incorrectly stated the date as September 15, 1951, and that the correct date was September 19, 1951. She then alleged that she had complied with Sec. 82.210 when, on November 21, 1951, "within ninety days of the occurrence for which such damage is claimed, she stated under oath to defendant's agent during a deposition taken at defendant's request, stating the place where, the time when such injury was received, and the character and circumstances of the injuries, and that she was making claim for damages against the defendant; that defendant's agent recorded said statement on said date in writing and subsequently, within the ninety days aforesaid, prepared said statement in a typewritten manuscript."

Such were the pleadings upon which the trial court sustained the city's motion for judgment.

■ A motion for judgment on the pleadings admits well-pleaded facts but not mere conclusions, and should be sustained only if the movant is entitled to judgment as a matter of law. Hunter v. Delta Realty Co., 350 Mo. 1123, 169 S. W. 2d 936, 938[1, 2]. Instant city's motion should have been overruled if its affirmative defense was insufficient in law. Leggett v. General Indemnity Exchange, 363 Mo. 273, 250 S. W. 2d 710, 715[3].

■ Sec. 82.210 is: "No action shall be maintained against anÿ city of this state which now has or may hereafter attain a population of one hundred thousand inhabitants, on account of any injuries growing ■ out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city, until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city."

Thus, the section requires: (1) Notice stating (a) the "place where," (b) the "time when," (c) the circumstances, and (d) that the injured person will claim damages (we shall refer to these requirements as the "contents" of the notice) ; (2) that the notice be in writing; (3) that the notice be given to the mayor. (We need not consider the last requirement. The city does not contend that its agent, the attorney who took plaintiff's deposition, was not authorized to take plaintiff's statements on behalf of the mayor. See Peterson v. Kansas City, 324 Mo. 454, 23 S. W. 2d 1045; Callahan v. Kansas City, 226 Mo. App. 408, 41 S. W. 2d 894.)

In its motion for judgment on the pleadings, the city admitted (for purposes of that motion) as facts: Plaintiff had incorrectly stated in her petition the "time when" as September 15, 1951; plaintiff had correctly stated in her reply the "time when" as September 19, 1951; on November 21, 1951, within ninety days after she was injured, plaintiff had stated, in a deposition taken by the city's agent, the "place where," the "time when," and the circumstances and that she was claiming damages; such statement was reduced to writing by the city's agent within the ninety days.

The one and only issue in this case is: Did plaintiff's statement, taken and reduced to writing by the city's agent within ninety days, constitute notice (as to the "time when") under Sec. 82.210? Neither party has briefed this issue. Neither cites authority for or against the proposition that plaintiff's deposition statement was *notice*. In Cole v. City of St. Joseph, (Mo.) 50 S. W. 2d 623, cited by the city, *no notice was given*. (The plaintiff had relied upon her unverified petition as notice under a statute requiring notice to be "in writing, verified by affidavit," and the city had taken her deposition *after* the

expiration of the prescribed period.) Other cases[1] cited by the city involved a variance in the plaintiff's proof from the statement (as to the "time when") made in the *notice given*. Plaintiff's cited cases[2] involved the sufficiency of the contents (other than as to the "time when") of the *notice given*.

As this court said of a statute similar to Sec. 82.210: "As to plaintiffs within its provisions the statute is in derogation of the common law and is construed liberally in their favor and strictly against the municipality." Glasgow v. City of St. Joseph, 353 Mo. 740, 184 S. W. 2d 412, 415[4]. To effectuate the purpose of Sec. 82.210, proper construction of its language requires us to hold that plaintiff's deposition statement complied with its provisions. Her statement was made within ninety days. And, in our view, her statement was one "in writing." While the statement was made orally under oath to the mayor's agent, it was reduced to writing by the mayor's agent (the shorthand reporter). Thereby, we believe, plaintiff gave the city notice "in writing" insofar as necessary to comply substantially with Sec. 82.210.

The city argues: "There are now two different dates on which the accident is alleged to have happened. One date is given in the petition and the other date in the deposition. Defendant does not now know the true date. Certainly if plaintiff was mistaken as to date given in the petition, she could also be mistaken as to the date given in the deposition." However, that argument is not directed to the issue. The question is not whether plaintiff gave the "true date" in her petition or in her deposition. It is whether plaintiff's deposition (irrespective of the date therein stated) was *notice* as to the date she claimed she sustained her injuries.

Furthermore, that argument ignores the effect of plaintiff's deposition statement. Prior to the time the city took the deposition, it had received the *notice* given in plaintiff's petition. Cole v. City of St. Joseph, (Mo.) 50 S. W. 2d 623, 624[3]. Liberal construction of Sec. 82.210 requires us to hold that, in the instant circumstances, plaintiff's deposition statement (that the "time when" was September 19, 1951), given to the city within the ninety days, was substantially an amend-

---

[1]Hackenyos v. City of St. Louis, (Mo.) 203 S. W. 986; Anthony v. City of St. Joseph, 152 Mo. App. 180, 133 S. W. 371; Koontz v. City of St. Louis, 230 Mo. App. 128, 89 S. W. 2d 586; Benton v. Kansas City, 237 Mo. App. 385, 168 S. W. 2d 476. (It is noted that, as to notice of the "time when," Sec. 82.210 or similar statutes have been strictly construed.)

[2]Reno v. City of St. Joseph, 169 Mo. 642, 70 S. W. 123; David v. City of St. Louis, 339 Mo. 241, 96 S. W. 2d 353; Manning v. Kansas City, (Mo. App.) 222 S. W. 927; Ogle v. Kansas City, (Mo. App.) 242 S. W. 115; Johnston v. Kansas City, 211 Mo. App. 262, 243 S. W. 265. (It is noted that as to the notice's contents other than of the "time when," Sec. 82.210 or similar statutes have been liberally construed.)

ed *notice* wherein the statement as to the "time when" amended or superseded the petition's allegations as to that matter.

In David v. City of St. Louis, 339 Mo. 241, 96 S. W. 2d 353, 355[1], this court approved its prior statement of the purpose of a statute similar to Sec. 82.210: "The prime object is to give the city prompt notice of claimed injuries due to negligent defects in the streets, sidewalks, etc., in order that the city may make investigation of the facts while existing conditions remain unchanged and witnesses knowing the facts are available and can be found." Cole v. City of St. Joseph, supra, 50 S. W. 2d l.c. 625[5].

In holding that plaintiff's deposition statement was a *notice,* we effectuate the purpose of Sec. 82.210. Notice, at any time within the ninety days, would have been the "prompt notice" referred to in the Cole case, supra, affording the city opportunity to investigate the claim. Plaintiff did not delay giving notice until the last or another late day of the ninety-day period, as was her right. She did not postpone the city's opportunity to investigate her claim that the city had negligently permitted mud and water to accumulate on the sidewalk on September 19, 1951. She filed her petition on October 29, 1951, and the city took her deposition on November 21, 1951—all well within the ninety days. Had she desired, plaintiff could have, at any time before the expiration of the ninety-day period (either before or after the time the city took her deposition): Dismissed her petition and filed a new petition, alleging the "time when" as September 19, 1951, or amended her original petition in that respect; or she could have dismissed her petition, given the city a written notice (stating the "time when" as September 19, 1951) and filed a new petition within, or after, the ninety-day period. It is of no consequence, however, that plaintiff did not give notice by any alternate method as the method she did use was sufficient.

As stated, plaintiff gave the city a notice in her petition and an amended or supplemental notice in her deposition. As the latter notice (wherein she stated that she sustained her injuries on September 19, 1951) was given within the ninety days, plaintiff was and is entitled to amend her petition to conform to the amended notice, particularly the petition's allegations as to the day upon which she claims she sustained her injuries.

For the reasons stated, the motion for judgment on the pleadings was improperly sustained. Accordingly, the judgment is reversed and the cause is remanded. *Van Osdol* and *Coil, CC.,* concur.

PER CURIAM:—The foregoing opinion by LOZIER, C., is adopted as the opinion of the court. All the judges concur.