Reba GERSHON, Plaintiff-Respondent,

v.

KANSAS CITY, Missouri, a Municipal Corporation, Defendant-Appellant.

No. 23167.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1960.

Richard H. Koenigsdorf, City Counselor, John J. Cosgrove, Asst. City Counselor, Timothy D. O'Leary, Asst. City Counselor, Kansas City, for appellant.

A. Robert Parelman, Kansas City, for respondent.

BROADDUS, Judge.

This is an action for damages for personal injuries. Plaintiff recovered a verdict and judgment. Defendant has appealed.

Plaintiff's evidence shows that on February 1, 1957, at about 8:00 p. m. she fell on the public sidewalk on the north side of 48th Street between Jefferson and Summit Streets, in Kansas City, Missouri. She was walking west on 48th Street when she fell. There is an alley-way between Jefferson and Summit. Plaintiff was about five feet west of this alley-way when she caught her foot in a hole in the sidewalk causing her to be thrown up against a car parked along the curb and then to fall to the pavement. She could not see the hole before she fell because it was covered with slush and dirt. She described the hole as being about fourteen inches wide at the east end and narrowing to a point. It was about two inches deep.

Plaintiff's witness, Mr. Glenn Simms, testified that he was walking west on 48th Street at the time. He heard a noise, looked up, and saw plaintiff lying on the sidewalk just west of the alley. He assisted her to her feet and accompanied her to her home. He testified that he first began noticing holes in the sidewalk where plaintiff fell in the summer of 1956.

Possibly two or three weeks after she fell, plaintiff measured, with her nephew, Howard Friedman, the distance from the northwest corner of 48th Street and Jefferson to the hole which caused her to fall. The distance was about 147 feet.

Defendant's brief contains three assignments of error. We will first consider its

third point because if it is well taken there will be no need to discuss the others. The contention is that the court erred in refusing to direct a verdict for the city at the close of all the evidence for the reason that plaintiff failed to furnish proper notice as required by Sec. 82.210, V.A. M.S., "in that there was a fatal difference between the location of the defect as given in the notice and the location of the defect that was proved at the trial."

▪ The courts have repeatedly held that the statute must be construed liberally in favor of the injured person and strictly against the city. In the case of David v. City of St. Louis, 339 Mo. 241, 96 S.W.2d 353, loc. cit. 356, 106 A.L.R. 849, the Supreme Court said: "A notice must be given, but as to its contents the statute must be liberally construed." The Supreme Court also stated in Glasgow v. City of St. Joseph, 353 Mo. 740, 184 S. W.2d 412, loc. cit. 415: "As to plaintiffs within its provisions the statute is in derogation of the common law and is construed liberally in their favor and strictly against the municipality."

▪ Plaintiff did not attempt to give the defendant the *exact* location where she fell but gave defendant an *approximate* location. Plaintiff's notice stated "approximately 147 feet west of Jefferson." This court has held that it is not necessary for the plaintiff to give an exact location. In Johnston v. Kansas City et al., 211 Mo. App. 262, 243 S.W. 265, plaintiff's notice stated that defendant left a large number of deep holes in the street and that she fell into one of them. Even though the testimony showed that there were 46 such holes of varying depth, this court held that the defendant was sufficiently notified. In Powers v. Kansas City, 224 Mo. App. 70, 18 S.W.2d 545, plaintiff's notice stated that her injuries were caused by reason of the defective condition of a board sidewalk on the southside of a certain bridge. This court held that the notice was sufficient. In Snickles v. City

of St. Joseph, 139 Mo.App. 187, 122 S.W. 1122, 1124, the notice merely stated that the injury occurred on the west half of a certain block. This covered a distance of approximately 150 feet. In holding this notice sufficient the court said: " * * * But the statute should be construed reasonably. Its design is to defeat unjust demands, not to lay pitfalls in the way of honest claimants. The city may use it as a shield, not as a sword; * * *."

Defendant's testimony was that its investigator and photographer measured 147 feet west of the "curb line" of Jefferson and at that particular spot found only a "slight depression." Defendant's evidence was also to the effect that a point 147 feet west of Jefferson would be *east* of the alley between Summit and Jefferson. Plaintiff's evidence shows that she fell about five feet *west* of the alley. Her testimony also disclosed that she measured, with her nephew, the distance from the "northwest corner" of 48th and Jefferson to the point where she fell and it was about 147 feet.

This conflicting evidence presented a question of fact for the jury to determine. The jury had a right to believe the accuracy of plaintiff's measurements or the incompleteness of defendant's investigation. A similar situation existed in the case of Powers v. Kansas City, supra, where there was conflicting testimony as to whether there was more than one hole on the bridge where plaintiff fell. In that case this court said [224 Mo.App. 70, 18 S.W.2d 550]: "While there is some evidence that more than one hole existed, yet this only makes the question of the sufficiency of the notice a question for the jury." The contention lacks merit.

▪ We now turn to defendant's first point which is that Instruction No. 2, given on behalf of plaintiff was erroneous. This instruction told the jury that *it was the duty* of defendant to keep the sidewalk in a reasonably safe condition. Our courts have announced many times that the full

measure of the duty of a municipality in reference to the maintenance of public streets and sidewalks is that it *exercise ordinary care* to keep them in a *reasonably safe condition* for travel by those using them. Albritton v. Kansas City, 192 Mo.App. 574, 188 S.W. 239; Schaefer v. Kansas City, Mo.App., 270 S.W.2d 84. In the Schaefer case we discussed the many cases dealing with the question. The instant instruction enlarged the duty which defendant owed plaintiff. It contained a positive misdirection to the jury as to the applicable law and was prejudicially erroneous. It was also in direct conflict with Instruction No. 9 given on behalf of defendant.

■ Defendant's complaint as to Instruction No. 1 given at plaintiff's request is that it authorized a finding if the defendant was negligent in the maintenance of the sidewalk at *any place* between Jefferson and Summit and is, therefore, broader than the pleadings, the notice and the evidence.

Among other things, the instruction required the jury to find "that the plaintiff on or about said date was walking along and over said sidewalk and was exercising ordinary care for her own safety, and that, while passing along and over said sidewalk at *said point* (italics ours), she was caused to fall upon said sidewalk and injured by reason of the unsafe and dangerous condition of said sidewalk, if so, * * *."

A similar instruction met the approval of our Supreme Court in the case of Jensen v. Kansas City, 361 Mo. 967, 238 S.W.2d 305, where at loc. cit. 308, the court said:

"In the situation, we are constrained to believe the faults complained of in Instruction No. 1, although Exhibits 1, 2 and 3 were mistakenly offered and received into evidence, were not such as would tend to confuse the jury into believing they were permitted to con-

sider any defect other than 'at said point' shown in evidence where the evidence disclosed plaintiff was injured; * * *. Instructions are not necessarily couched in the identical language of a petition."

Following the above holding we rule the contention against defendant. However, in the event the case is re-tried, any criticism of the instruction could be readily eliminated by simply inserting the words "approximately 147 feet west of Jefferson." Thus the instruction would then conform to the petition and the evidence. In other words, it would be within both the pleadings and the evidence and in strict accord with the settled rule in this state. State ex rel. Central Coal & Coke Co. v. Ellison, 270 Mo. 645, 195 S.W. 722.

By reason of the error contained in Instruction No. 2 the judgment is reversed and the cause remanded. All concur.