Charles J. McCULLEY and Phyllis McCulley, Appellants,

v.

The CITY OF PRINCETON, Missouri, Respondent.

No. 25941.

Missouri Court of Appeals, Kansas City District.

Dec. 4, 1972.

**278**

Wilbur L. Pollard, Wm. Harrison Norton, Norton & Pollard, Kansas City, for appellants.

Phil Hauck, Terry M. Evans, Pickett, Andereck, Hauck & Sharp, Trenton, for respondent.

DIXON, Judge.

A single issue is raised by this appeal. Does Section 79.480 requiring notice to a city of the 4th class within 90 days for "injuries" growing out of a "defect" or "unsafe" condition of "street, sidewalk or thoroughfare" apply to a claim for property damage arising from a clogged sewer installed under a city street?

Plaintiff pleaded that the defendant 4th class city negligently permitted a public sewer to "back-up" into the basement of plaintiffs' home causing property damage. The city filed a motion setting up the failure of plaintiff to comply with Section 79.-480 which reads in relevant part as follows:

"No action shall be maintained against any . . . city of the fourth class on account of any *injuries* growing out of any defect or unsafe condition of or on any *bridge, boulevard, street, sidewalk or thoroughfare,* in said city until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which said damage is claimed, . . ." (Emphasis supplied.)

Plaintiff concedes no notice was given. The court below sustained the city's motion and plaintiff appeals.

We commence by observing that neither this statute nor any of its counterparts relating to cities of the various classifications has ever been construed by the courts on the issue here presented.

We note also that the courts have repeatedly held that the statute will be construed liberally in favor of the injured person and strictly against the municipality so far as the content of the notice is concerned. Gershon v. Kansas City, 341 S.W.2d 374 (Mo.App.1960), 1. c. 376; David v. City of St. Louis, 339 Mo. 241, 96 S.W.2d 353 (1936), 1. c. 356; Glasgow v. City of St. Joseph, 353 Mo. 740, 184 S.W.2d 412 (1944).

In Glasgow, supra, the rule is stated, 1. c. 415, "*As to plaintiffs within its provisions* the statute is in derogation of the common law and is construed liberally in their favor and strictly against the municipality." Because of its nature in restricting the common law cause of action it should be given no broader application than is warranted by its plain and unambiguous terms. City of Charleston v. Mc-Cutcheon, 360 Mo. 157, 227 S.W.2d 736 (1950) En Banc, 1. c. 736–738. Section 1.-090 V.A.M.S. directs the taking of words in "their plain or ordinary and usual sense."

When so considered we do not believe that Section 79.480 can be read as embracing a sewer. No portion of the plain and unambiguous description of the areas where defects causing injury requiring notice even suggests its application to sewers. The only fact even remotely connecting the statute with the sewer in issue is its location under a street. If the statute were

held to apply we would have the anomaly of actions for damages arising from sewers under streets requiring notice while actions arising from the same cause in sewers otherwise located would not require notice.

The cause is reversed and remanded with directions to the trial court to set aside its order dismissing plaintiffs' petition.

All concur.