Anna LEMMING, and
Warren Lemming,

v.

CITY OF SALISBURY.

No. WD40525.

Missouri Court of Appeals,
Western District.

Nov. 29, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Jan. 31, 1989.

Application to Transfer Denied
March 14, 1989.

James J. Wheeler, Keytesville, for appellants.

Daniel K. Atwill, Susan Ford Robertson, Knight, Ford, Wright, Atwill, Parshall & Baker, Columbia, for respondent.

Before LOWENSTEIN, J., Presiding,
and TURNAGE and COVINGTON, JJ.

COVINGTON, Judge.

Plaintiffs brought suit to recover damages from defendant City of Salisbury for personal injuries alleged to have been sustained in a fall when plaintiff Anna Lemming slipped and stepped into a hole or opening in a grate located adjacent to the street at the north entrance of the Biltwell Company of Salisbury, Missouri. Plaintiffs alleged five separate acts of negligence on the part of the defendant relative to the allegedly unsafe condition of the grate.

The city filed a motion asserting the failure of the plaintiffs to comply with section 79.480, RSMo 1986, which reads in relevant part:

No action shall be maintained against any city organized under the laws of this state as a city of the fourth class on account of any injuries growing out of any defect or unsafe condition of or on any bridge, boulevard, street, sidewalk or thoroughfare, in said city until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence....

Plaintiffs concede no notice was given. The trial court sustained the city's motion.

The sole issue in this case is whether section 79.480 applies to a claim for injuries arising from negligent maintenance of a grate for the drainage of surface water located adjacent to the street.

As to content of any notice, the law is well established that the statute is to be construed liberally in favor of the injured

person and strictly against municipalities. *Glasgow v. City of St. Joseph,* 353 Mo. 740, 747, 184 S.W.2d 412, 415 (1944). "As to plaintiffs within its provisions the statute is in derogation of the common law and is construed liberally in their favor and strictly against the municipality." *Id.*

It is also well established that the notice requirement cannot be extended by implication beyond its clearly expressed provisions. *Gelhot v. City of Excelsior Springs,* 277 S.W.2d 650, 655 (Mo.App. 1955). In *Gelhot,* absent proof that the city had been "organized" as a city of the third class, the court held that the notice statute would not be applied to the city. *Id.*

This court again limited the application of the notice statute in *McCulley v. City of Princeton,* 488 S.W.2d 277 (Mo.App.1972). The plaintiffs pleaded that the defendant fourth-class city negligently permitted a public sewer to back up into the basement of the plaintiffs' home causing property damage. Plaintiffs gave no notice to the city. The question was whether the relevant parts of section 79.480 apply to a claim for property damage arising from a clogged sewer installed under a city street. In holding that section 79.480 does not embrace a sewer, this court stated: "No portion of the plain and unambiguous description of the areas where defects causing injury requiring notice even suggests its application to sewers. The only fact even remotely connecting the statute with the sewer in issue is its location under a street." *Id.* at 278.

Here, plaintiffs had a right of action against defendant at common law, provided that they established negligence on the defendant's part. Under the case law, any provisions of a statute designed to limit or modify the plaintiffs' right of action is in derogation of the common law and common right and must be construed accordingly. No portion of the statute suggests that it applies to grates. The only fact which connects the statute with the grate is the location of the grate adjacent to a city street.

The city contends that because the city has potential liability as a result of an arguable duty to maintain areas surrounding a street, the plaintiffs' obligation to give notice should extend beyond the plain and unambiguous description of the areas set forth in the statute. This court has no authority to extend the scope of the statute, which must be strictly construed, to include all areas where the city may be bound to exercise reasonable care to maintain an area in a condition reasonably safe for use.

The terms of section 79.480 do not include an action for injuries arising out of any defect or unsafe condition of or on a grate. The case is reversed and remanded with directions to the trial court to set aside its order dismissing plaintiffs' petition.

All concur.