Terri L. BANKS, Appellant,

v.

CITY OF KANSAS CITY, Missouri, Respondent.

No. WD 47504.

Missouri Court of Appeals, Western District.

Sept. 28, 1993.

Hollis H. Hanover, Kansas City, for appellant.

Jeffrey L. Hess, Kansas City, for respondent.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

FENNER, Judge.

Appellant, Terri Banks, appeals the order of the Circuit Court of Jackson County, Missouri, at Kansas City dismissing appellant's petition for damages. The trial court dismissed appellant's action for failure to give the required notice pursuant to section 82.-210, RSMo 1986.[1]

On December 11, 1987, appellant was allegedly struck and injured by a motor vehicle while crossing 39th Street near 5111 E. 39th Street. Appellant alleges that she was crossing at a crosswalk which was darkened and dangerous.

Appellant filed her petition for damages on December 8, 1992 against respondent, The City of Kansas City, Missouri (the City). In her petition, appellant alleged that the City owned, controlled, managed and maintained the general area of 39th Street at or near 5111 E. 39th Street and that the City maintained a pedestrian crosswalk near 5111 E. 39th Street where the alleged incident occurred. Appellant further alleged "[t]hat the lighting for said pedestrian crosswalk was negligently designed and located by [the City] in that said lighting was located a minimum distance of 175 feet from said crosswalk area and hence provided no illumi-

nation for the crosswalk." Appellant also alleged that as a direct result thereof, the persons using the crosswalk were unreasonably exposed to danger and the lighting system was, thus, in a dangerous condition within the meaning of section 537.600.1(2), RSMo Supp.1992.[2]

Appellant further contended that this dangerous condition is not a defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare, within the meaning of section 82.210, but rather is a dangerous design of a lighting system utilized near the pedestrian crosswalk where appellant was injured, within the meaning of section 537.-600.1(2) as amended in 1985. Appellant contends that the driver of the motor vehicle that struck and injured her was unable to see her because of the "darkened condition created by defendant's negligently designed lighting system."

Appellant also alleged in her petition that her injuries were directly caused by the dangerous condition of respondent's lighting system at the time of the injury, and that the negligently designed lighting system created a reasonably foreseeable risk of harm to persons using the crosswalk. Finally, appellant alleged that respondent had actual or constructive notice of the lighting system, and that appellant sustained serious personal injuries as a direct result of the dangerous condition of respondent's lighting system.

On December 23, 1992, the City filed a Motion to Dismiss appellant's petition for failure to comply with the mandatory provisions of section 82.210, specifically, the notice requirement. On January 19, 1993, the City filed an Amended Motion to Dismiss reasserting its original Motion to Dismiss and further raising the defenses of sovereign immunity and the public duty rule. The trial court entered its Order of Dismissal on January 21, 1993, stating:

> In the court's opinion plaintiff pleads a cause of action for injuries growing out of a defect or deficiency in the design of the lighting system which is a condition of the street or thoroughfare causing plaintiff's

---

1. All references to section 82.210 are to RSMo 1986.

2. All references to section 537.600.1(2) are to RSMo Supp.1992.

injuries. As such the notice to the city required by Section 82.210 R.S.Mo. was required as a precondition to maintain her action. Since the required notice admittedly was not given, plaintiff's petition must be dismissed.

This appeal followed.[3]

As noted in the trial court's order, appellant admits that she did not give notice in accordance with the terms of section 82.210. Appellant further admits that if the inadequately designed lighting system in truth is a "defect in the condition of any ... street, sidewalk or thoroughfare in said city," she must lose. In her brief, appellant states that she "does not contend that the lighting system was functioning other than as intended by the City.... [and she] does not allege that the lights were burned out or that the fixtures themselves were in any fashion defective." Rather, appellant "quite simply contends that positioning a streetlight one hundred seventy-five (175) feet from the crosswalk area 'provided no illumination for the crosswalk.'"

In her sole point on appeal, appellant argues that the trial court erred in dismissing her petition. Appellant contends that she does not seek to recover by reason of a defect in a bridge, boulevard, street, sidewalk or thoroughfare, but rather seeks to recover by reason of a negligently designed lighting system that rendered the crosswalk unreasonably dangerous.

We find that appellant was required to give notice as required under section 82.210. Because appellant failed to provide such notice, it is not necessary for us to determine whether appellant's action is within the sovereign immunity exception of section 537.-600.1(2). Having failed to provide notice as required under section 82.210, appellant's action cannot be maintained.

Section 82.210 provides, in relevant part, as follows:

No action shall be maintained against any city of this state which now has or may hereafter attain a population of one hundred thousand inhabitants, on account of any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city, until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed ...

The issue in the case at bar is whether a negligently designed lighting system, which allegedly created a darkened condition on the street where appellant was injured, is contemplated within the meaning of "any defect in the condition of any ... street, sidewalk or thoroughfare" as provided under section 82.-210.

The list of defective property for which section 82.210 requires a notice of claim includes all of those publicly maintained exterior improvements designed to facilitate travel for which the common law permitted liability because of their proprietary nature. *Williams v. City of Kansas City*, 782 S.W.2d 64, 65 (Mo. banc 1990). The statutory list reflects the legislature's desire to limit the liability of municipalities in the face of the general liability imposed upon a municipality by the common law. *Id.* In *Williams*, the court held that the steps where appellant suffered her injury, being part of the sidewalk and also being a thoroughfare, or an unobstructed way open to the public, were within the listed municipal property to which section 82.210 applies. *Id.* at 66.

In *Lemming v. City of Salisbury*, 765 S.W.2d 271 (Mo.App.1988), a pedestrian brought an action against the city for personal injuries allegedly sustained when she slipped and stepped into an opening in a grate for the drainage of surface water located adjacent to a street. The only issue was whether the relevant notice of claim statute applied to a claim for injuries arising from the negligent maintenance of the grate. *Id.* at 271. The court found that there was no portion of the plain and unambiguous description in the statute of the areas where defects causing injury requiring notice even suggested its application to grates. *Id.* at

---

**3.** The trial court did not address the defenses of sovereign immunity and the public duty rule, raised in the City's Amended Motion to Dismiss, and we do not address those issues in this appeal.

272. The only fact that connected the statute with the grate was the location of the grate adjacent to the city street. *Id.* at 272. The court in *Lemming* was unwilling to extend the scope of the statute to include an injury sustained as a result of a fall in an opened grate. *See also McCulley v. City of Princeton*, 488 S.W.2d 277 (Mo.App.1972) (finding statute not applicable to claim for property damage arising from clogged sewer under street).

Appellant, in her petition, essentially argues that a negligently designed lighting system created a "darkened [and thus dangerous] condition" on the street where her injury occurred. Appellant argues that the crosswalk in question was darkened; therefore, the driver of the car that struck her was unable to see her.

Extensive research shows Missouri case law to be lacking as to the precise issue presented to us in the case at bar. Nonetheless, while *Williams* does not address the precise issue presented here, we find the court's language in *Williams* to be controlling. We conclude that negligently designed street lights, which fail to provide adequate illumination on crosswalks, fall within "those publicly maintained exterior improvements designed to facilitate travel," and thus are encompassed in the list of defective property for which section 82.210 requires a notice of claim.

The case at bar is distinguishable from *Lemming* and *McCulley* in that in *Lemming* and *McCulley* the plaintiffs were not arguing about a defective condition in the street itself. In *Lemming*, plaintiff alleged that the grate where she sustained her injury was in an unsafe condition. *Lemming*, 765 S.W.2d at 271. Thus, plaintiff's allegations in *Lemming* were not tied into the condition of the street as were plaintiff's allegations in the case at bar. Rather, plaintiff's allegations in *Lemming* concerned the grate itself. The court, in concluding that the statute did not include an action for injuries arising out of any defect in the condition of a grate, was not willing to extend the scope of the statute beyond the areas plainly described therein.

Similarly, in *McCulley*, the court was unwilling to interpret the relevant notice of claim statute as embracing a sewer. *McCulley*, 488 S.W.2d at 278. The plaintiff in *McCulley* had pleaded that the city negligently permitted a public sewer to "back-up" into the basement of plaintiff's home causing property damage. *Id.* Thus, plaintiff's claim did not relate to any defect in the condition of the street, but focused on the sewer itself which is not an area described in the statute. Both in *Lemming* and *McCulley*, the claims did not relate to a defect in the condition of the street. Location, adjacent to or under the street, was the only connection with the street.

In the instant case, however, appellant was essentially alleging that the crosswalk on the street was dark and dangerous. The statutory phrase "any defect in the condition of any ... street" encompasses such an allegation. To hold otherwise would be to give the words in the statute a forced, unnatural, and much too literal interpretation.

In accordance with the trial court's conclusion in its Order of Dismissal, we find that section 82.210 applies to appellant's cause of action. Accordingly, the trial court did not err by dismissing appellant's petition.

The judgment of the trial court is affirmed.

All concur.