Cornelia S. and Emerall F.
WILLIAMS, Appellants,

v.

CITY OF KANSAS CITY,
Missouri, Respondent.

No. 71887.

Supreme Court of Missouri,
En Banc.

Jan. 10, 1990.

Ronald R. Holliger, Steven L. Hobson, Kansas City, for appellants.

Roger W. Penner, Russell J. Greenhagen, Jr., Kansas City, for respondent.

ROBERTSON, Judge.

On March 18, 1986, appellant Cornelia Williams slipped, fell, and suffered injury on steps leading from the terminal to a parking facility at Kansas City International Airport. Respondent City of Kansas City ("the City") owns the airport and the steps at issue here. Williams filed suit against the City on July 7, 1987, alleging a defective condition in the steps as the cause of her injuries. The City moved for summary judgment, citing Williams' failure to give written notice of her claim to the mayor as mandated by Section 82.210, RSMo 1986. The circuit court sustained the motion and entered summary judgment.

Williams admits that she did not give written notice to the City within the ninety days provided by the statute. Nevertheless, she now appeals to this Court claiming that Section 82.210 violates Mo. Const. art. I, § 14, that a fall on steps is not within the purview of the requirements of Section 82.-210 and does not require a notice, and that actual notice is sufficient for purposes of the statute. We have jurisdiction. Mo. Const. art. V, § 3. Affirmed.

I.

Williams first claims that Section 82.210 violates Mo. Const. art. I, § 14 in that it denies her free and equal access to the courts. We rejected that argument in *Findley v. City of Kansas City*, 782 S.W.2d 393, (Mo. banc 1990) and on that basis, we deny Williams' first point.

II.

Second, Williams urges that Section 82.210 does not apply to injuries sustained on steps. In relevant part, Section 82.210

provides: "No action shall be maintained against any city of this state ... on account of any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city, until [here follow the notice requirements]." Williams argues that the statute restricts a common law cause of action and should be given no broader application than is warranted by its plain and unambiguous terms, citing *Watkins v. Wattle*, 558 S.W.2d 705 (Mo.App.1977). Since the statute does not expressly mention steps, Williams continues, Section 82.-210 does not apply to defective steps and no notice is required. For support, Williams relies on *McCulley v. City of Princeton*, 488 S.W.2d 277 (Mo.App.1972), in which the court determined that a notice of claim statute does not apply to injuries arising from a defect in a sewer and *Lemming v. City of Salisbury*, 765 S.W.2d 271 (Mo.App.1989), in which the court holds that a notice of claim statute does not apply to an opening in a grate adjacent to a street.

The common law permitted recovery against a municipality for negligence in carrying out its proprietary duties. And among those proprietary activities, the common law permitted recovery for defects in streets and sidewalks. *Berry v. Emery, Bird, Thayer Dry Goods Co.*, 357 Mo. 808, 211 S.W.2d 35, 40 (1948); *Tower v. City of St. Louis*, 235 Mo.App. 1026, 148 S.W.2d 100, 105 (1941). Contrary to the common law doctrine, Section 82.210 imposes sovereign immunity for injuries caused by defects in certain municipal, proprietary property but lifts the cloak temporarily if certain conditions precedent established in the statute are met. *Findley*, 782 S.W.2d at 396. These conditions require the giving of a written notice to the mayor of the city within ninety days of the accident setting out the time and place of injury, the character and circumstances of the injury, and that the injured person will claim damages. Section 82.210.

The list of defective property for which the Section 82.210 requires a notice of claim includes all of those publicly maintained exterior improvements designed to facilitate travel for which the common law permitted liability because of their proprietary nature. The statutory list, then, is the product of the legislature's desire to limit the liability of municipalities in the face of the general liability imposed upon a municipality by the common law.

The dispositive question for this point is whether the phrase "bridge, boulevard, street, sidewalk or thoroughfare" includes steps. Generally, "a city is not liable for a mere slope made necessary by the lay or contour of the ground on which the sidewalk is constructed." *Lampe v. Kansas City*, 49 S.W.2d 627, 629 (Mo.App.1932). Just as the city is not liable for slope in a sidewalk caused by the contour of the ground, the city is not liable for the manner in which it chooses to accommodate changes in terrain.

Steps do no more than permit the sidewalk of which they are a part to adjust to changes in topography efficiently within a limited space. The steps are part of the sidewalk; they are in the sidewalk. See *Shopbell v. City of St. Joseph*, 226 Mo. App. 1170, 49 S.W.2d 301, 303 (1932). ("It is true ... that the mere existence of a descent or step *in the sidewalk* of a municipality is not ordinarily an actionable defect...." [Emphasis added]). Steps would not be necessary if the horizontal space necessary to meet the contour of the land were sufficient. If horizontal space did not matter, all steps could be replaced by inclined sidewalks. Were Williams' argument persuasive, only flat sidewalks would fall within the ambit of Section 82.-210, since she could argue that an inclined sidewalk is not a sidewalk at all, but a ramp and that Section 82.210 does not apply to ramps.

We are graced with a helpful legal file in this case. That file contains the thoughtful argument and supporting documentation favoring and opposing the City's Motion for Summary Judgment. As part of that support Williams' deposition describes the step area where she received her injury. She recalls a marked walkway crossing the street in front of the terminal building to a sidewalk at the head of the steps on which

she fell. The photographs included by counsel support her description and show that the steps descend from a sidewalk onto a sidewalk and into a parking lot.

The marked walkway across the street leads to a sidewalk, that leads to the steps, that leads to a sidewalk, that leads to a parking lot. All are part of a continuous design to direct public, pedestrian traffic from the terminal to the parking lot. Each separately named item—the marked walkway, the sidewalk, the steps, and the sidewalk—is part of "a walk for foot passengers...." Webster's Third New International Dictionary 2113 (1976) (defining sidewalk).

There exists a second reason for holding that the steps in question here are within the listed municipal property to which Section 82.210 applies. That list includes the word "thoroughfare". Webster's Third New International Dictionary (1976) defines "thoroughfare" as "a way or place through which there is a passing ... an unobstructed way open to the public." Id. at 2380. The steps in question here are part of an unobstructed way through which there is a passing from the terminal building to the parking lot. The steps are part of a thoroughfare. The notice requirement of Section 82.210 applies.

We hold, therefore, that the steps in question here are part of the sidewalk and are a thoroughfare; Section 82.210 applies. The point is denied.

### III.

■ Finally, Williams argues that the City's actual notice of Williams' accident substantially meets the requirements of Section 82.210 and that the trial court erred in sustaining the City's motion for summary judgment. Although admitting that *Travis v. Kansas City*, 491 S.W.2d 521 (Mo.banc 1973), is not on point, she argues that Travis' willingness to forgive technical errors in the content of the notice ought to be extended to questions relating to the absence of notice. Again, we disagree.

*Hackenyos v. City of St. Louis*, 203 S.W. 986 (Mo. banc 1918), provides an important insight into the evolution of the Court's

interpretation of notice of claim statutes. There, a four judge majority of the Court required strict compliance with the language of the statute establishing the necessary content of the notice. The three dissenters argued that the notice of claim statute creates two requirements, each of which is distinct. The first is that notice is required within ninety days; the second relates only to the content of the notice. The dissenters would have held that strict compliance with the content provisions was not necessary, but said that the requirement of notice is "a condition precedent which must be strictly performed before the suit can be maintained." *Id.* at 989 (Woodson, J., dissenting).

Fifty years after *Hackenyos*, *Travis* adopted the position of the dissenters with regard to the content of notice requirement of the statute. *Travis*, 491 S.W.2d at 523–24. This is consistent with *Cole v. City of St. Joseph*, 50 S.W.2d 623 (Mo.1932), in which the Court said: "Giving heed to the mandatory character of these statutes, the courts have uniformly held that the giving of the notice of the kind and within the time specified (except in the case of mental or physical disability [citation omitted]) is a condition precedent to maintaining the action. A failure to give the notice as required by the applicable statute is fatal to plaintiff's action. [citing, among other cases, the dissenting opinion in *Hackenyos* ]." *Id.* at 624.

We are not persuaded that we should abandon both deference to the legislature's policy choice and the precedents of this Court that have upheld the mandatory character of the requirement of written notice. "[W]ithin constitutional limits, a sovereign may prescribe the terms and conditions under which it may be sued, and the decision to waive immunity, and to what extent it is waived, lies within the legislature's purview." *Winston v. Reorganized School District R–2*, 636 S.W.2d 324, 328 (Mo. banc 1982). See also *Findley*, 782 S.W.2d at 396. ("It being constitutionally permissible for the legislature to cloak municipalities with immunity by statute, it necessarily follows that any waiver of immunity granted is subject to the limits imposed in the waiver.")

Section 82.210 requires a written notice to the mayor of the city within ninety days of the occurrence as a condition precedent to a limited waiver of sovereign immunity. Williams failed to give written notice within the time mandated by the statute. Her failure to adhere to the notice requirements of the statute is fatal to the action.

We again wonder, as this Court did in *Schumer v. City of Perryville*, 667 S.W.2d 414, 416, n. 3 (Mo. banc 1984), whether notice of claim statutes are justified in an age in which cities are permitted to purchase liability insurance. There being neither a constitutional infirmity in Section 82.210, nor an ambiguity in its requirement of written notice, arguments about fairness are properly directed to the people's elected representatives, not the judiciary.

The point is denied.

### IV.

The judgment of the trial court is affirmed.

BLACKMAR, C.J., RENDLEN, HIGGINS, COVINGTON and BILLINGS, JJ., and DOWD, Special Judge, concur.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.