Larry JONES, Appellant,

v.

CITY OF KANSAS CITY, Missouri,
Respondent.

No. SC 82174.

*Supreme Court of Missouri,
En Banc.*

April 25, 2000.

Michael R. Taylor, Douglas R. Horn, Independence, for appellant.

Walter J. O'Toole, City Atty., Charlotte L. Ferns, Asst. City Atty., Kansas City, for respondent.

MICHAEL A. WOLFF, Judge.

Larry Jones sued Kansas City for injuries from an accident that he claims was caused by the city's failure to have a stop sign at an intersection instead of a yield sign. Jones claims that the allegedly deficient signage was a "defect" in the condition of the city's property. Because Jones failed to give the city notice of his claim under section 82.210 [1] within 90 days of the accident, the trial court granted summary judgment for the city. After opinion in the court of appeals, we granted transfer.

The issue is whether the notice of claim statute bars Jones's claim. We hold that his claim is not subject to the notice statute, section 82.210, and that the failure of Jones to give notice within 90 days does not bar his claim. The trial court's judgment, accordingly, is reversed, and the cause is remanded.

### Facts

Jones was injured in July 1997, when he was struck by a car while walking along 77th Terrace in Kansas City. There was no sidewalk, and Jones walked in the grass

---

1. All statutory cites are to RSMo 1994, unless otherwise indicated.

along the street, which intersected with Brookside Road. Traffic on Brookside Road was subject to a "yield" sign directing that cars on Brookside Road yield to cars on 77th Terrace. The yield sign was located in the grass next to the street. When Jones was near the intersection, a collision occurred between two cars—a car on Brookside Road failed to yield to a car on 77th Terrace. The car on 77th Terrace struck Jones, after being struck by the other vehicle, while Jones was walking on the grass next to the intersection.

Jones brought suit against Kansas City in May 1998, ten months after the accident. He alleged that sovereign immunity was waived because the city created a dangerous condition on its property by placing only a yield sign at the intersection. Section 537.600.1(2). In its answer, Kansas City raised the affirmative defense that Jones had not complied with section 82.210, which requires that notice be given within 90 days of the occurrence when a claim is to be made "on account of any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city...."[2] Jones did not give notice of his impending claim within 90 days of the occurrence.

### The Notice Requirement

■ Notice to the city, within 90 days of the occurrence, is a condition precedent to maintaining an action against the city if the action arises from a defect in the condition of "any bridge, boulevard, street, sidewalk or thoroughfare." *Dohring v. Kansas City*, 228 Mo.App. 519, 71 S.W.2d 170, 171 (1934).

The question, therefore, is whether the allegedly defective signage is covered by the statute as a "defect in the condition" of a street. Kansas City, in its motion for summary judgment in the trial court and in its arguments to this Court, maintains that the present claim is covered by the statute because the yield sign is a defect in the condition of the street for which it was designated to regulate traffic flow.

■ The statute provides a list of properties owned by the city: bridge, boulevard, street, sidewalk, thoroughfare. These are properties that, at common law, exposed the city to liability in its proprietary, not sovereign, capacity. *Williams v. City of Kansas City*, 782 S.W.2d 64, 65 (Mo. banc 1990). The notice statute, thus, is in derogation of the common law and should be narrowly construed against the city and in favor of the injured party. *Koontz v. City of St. Louis*, 230 Mo.App. 128, 89 S.W.2d 586, 588 (1936).

Kansas City contends that a yield sign comes within our construction of this statute in *Williams* where we said: "The list of defective property for which ... section 82.210 requires a notice of claim includes all of those publicly maintained exterior improvements designed to facilitate travel for which the common law permitted liability because of their proprietary nature." 782 S.W.2d at 65. *Williams*, however, does not invite us to expand the list of properties to include a yield sign as an "exterior improvement designed to facilitate travel." The latter phrase is intended merely to summarize the category of properties that consists of bridges, boulevards, streets, sidewalks and thoroughfares. Each of this group of terms is a structure that facilitates travel and upon which travel occurs by vehicle (bridge, boulevard, street or thoroughfare) or on foot (sidewalk).

In *Williams*, the issue was whether steps leading to a parking facility at the Kansas City International Airport were included in the list. This Court held that

---

2. Section 82.210 states, in pertinent part:

No action shall be maintained against any city of this state which now has or may hereafter attain a population of one hundred thousand inhabitants, on account of any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city, until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed....

the steps were part of a sidewalk and were subject to the requirements of section 82.210. 782 S.W.2d at 66. The Court found a second reason for applying the notice statute, that is, that the steps constituted part of a thoroughfare. *Id.*

Kansas City maintains that *Banks v. City of Kansas City,* 862 S.W.2d 485 (Mo. App.1993), is determinative of the outcome of this case. In *Banks,* the issue was whether a poorly designed street illumination system was subject to the requirements of section 82.210. Citing *Williams,* the court of appeals held that the lighting system fell "within 'those publicly maintained exterior improvements designed to facilitate travel ...'" and, therefore, was subject to the statute. 862 S.W.2d at 488. The court in *Banks* used the *Williams* language to determine that street lights were subject to the notice statute as a "defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare...." 862 S.W.2d at 488; section 82.210.[3]

### The Yield Sign Was Not Part of the Street

■ Quite simply, the yield sign, which Jones alleges to be defective, was not part of any "bridge, boulevard, street, sidewalk or thoroughfare" within the meaning of section 82.210.[4] Instead, both Jones and the yield sign were located in grassy areas next to the street. We have consulted a number of dictionaries on the meaning of the statutory terms, e.g., WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1976), and cases construing such terms, e.g., *City of St. Louis v. Lee,* 132 S.W.2d 1055 (Mo.App. 1939). In common and ordinary usage, the statutory terms—"bridge," "boulevard," "street," "sidewalk" and "thoroughfare"— do not include signage placed alongside these properties. We could, of course, construe the word "street" to include everything owned by the city in and around the street having to do with the regulation of traffic on the street, but we are constrained by precedent to give a narrow reading of the statutory terms, not an expansive one. *See Koontz,* 89 S.W.2d at 588. The allegedly defective yield sign was simply not part of "any bridge, boulevard, street, sidewalk or thoroughfare" within the purview of section 82.210.

Our decision deals only with the construction of the notice statute, section

3. No transfer application was filed with this Court in *Banks* after the court of appeals decision. *Banks* should not be read to expand the list of properties to which the notice statute applies. To the extent that there is language inconsistent with this principle in *Banks,* it should not be followed. *Banks* quite sensibly can be confined to its conclusion that an allegation of a dark and dangerous crosswalk encompasses a defect in the condition of a street and is, thus, within the meaning of section 82.210. 862 S.W.2d at 488.

4. Kansas City also argues that *Donahue v. City of St. Louis,* 758 S.W.2d 50 (Mo. banc 1988), indicates that a street sign is part of a street for purposes of section 82.210. In *Donahue,* this Court held that traffic control devices were a part of the *design* of roadways while interpreting a 1985 amendment to section 537.600, which provided governmental entities with a defense to "negligent, defective or dangerous *design* " of highways or roads if they could show that the roads complied with generally accepted standards at the time of their *design* and construction. *Id.* at 52–53

(emphasis added). In a suit for defective or negligent *design,* the 1985 amendment would provide governmental entities with a defense in such cases. *Id.*

*Donahue* is distinguishable from the present case. There, the statute contemplated road *design,* a broad concept entailing such concepts as "widening, changing of grades, resurfacing, and installation of lights and traffic controls." *Id.* at 52. The present case and statute, section 82.210, involve a much narrower subject—the actually defective *condition* of city bridges, boulevards, streets, sidewalks and thoroughfares. Section 82.210's invocation of the terms "bridge," "boulevard," "street," "sidewalk," and "thoroughfare" is for the limited purpose of providing notice to the city of defective *conditions,* and, thus, has a more narrow purpose than section 537.600's broad concept of road and highway *design.* Moreover, section 82.210 is a notice statute in derogation of the common law and must be interpreted narrowly against the city and in the plaintiff's favor. *Koontz,* 89 S.W.2d at 588.

82.210. We express no views on the merits of the claim by Jones that the yield sign is a defective condition of property that resulted in his injuries.

The judgment of the circuit court is reversed. The cause is remanded for further proceedings consistent with this opinion.

All Concur.