

# In the Missouri Court of Appeals
## Eastern District

<u>DIVISION FOUR</u>

| | | |
|---|---|---|
| J CHRISTOPHER ZANG, | ) | ED109422 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| v. | ) | 2011-CC00282 |
| | ) | |
| CITY OF ST. CHARLES, MISSOURI, | ) | Honorable Daniel G. Pelikan |
| | ) | |
| Respondent. | ) | Filed: October 19, 2021 |

Christopher Zang (Plaintiff) appeals from the trial court's dismissal of Count II of his First Amended Petition alleging personal injuries from a bicycle accident on a metal bridge in the City of St. Charles (Respondent). We reverse and remand.

## BACKGROUND

On March 23, 2020, Plaintiff filed a lawsuit against Respondent and St. Charles County (County), alleging he was injured when he fell off his bike while crossing the open-grate metal Barter Street Bridge between Granger Boulevard and Tarn Street in the New Town Development on June 12, 2019. He claimed the property was owned and/or controlled by Respondent or co-defendant, County. Plaintiff alleged negligence in Count I and premises liability in Count II. Respondent filed a Motion to Dismiss arguing Plaintiff failed to give proper notice of the alleged dangerous condition to Respondent, pursuant to Section 12.3 of the City of St. Charles Charter; thus, his claim was barred. Plaintiff responded that the notice requirement was unconstitutional

and void due to a conflict with Section 516.120[1] and the Missouri Constitution, Article VI, Section 19.

On January 19, 2021, the trial court granted Respondent's motion. Specifically, as to Count II for premises liability, the trial court found the charter provision mirrored four statutes that require similar notice provisions in other sizes and classes of cities pursuant to Sections 77.600, 79.480, 81.060, and 82.210, and that the charter provision was "not inconsistent or in conflict with state law." Therefore, citing *Jones v. City of Kansas City*, 15 S.W.3d 736, 737 (Mo. banc 2000) (citing *Dohring v. Kansas City*, 71 S.W.2d 170, 171 (Mo. App. 1934)), the trial court held notice was a condition precedent to maintaining an action against Respondent. This appeal follows.

## DISCUSSION

In his sole point on appeal, Plaintiff alleges the trial court erred in granting Respondent's Motion to Dismiss Count II of Plaintiff's First Amended Petition because Plaintiff was not required to give notice of his claim as prescribed in Section 12.3 of Respondent's charter in that the charter provision is in conflict with state statutes, notably Sections 537.600.1(1), 537.600.1(2), 82.210, and 516.120.[2]

*Standard of Review*

Plaintiff argues a purely legal question of whether Section 12.3 of Respondent's charter is valid and enforceable against Plaintiff. Whether a city exceeds its statutory authority in passing an ordinance is an issue we review *de novo*. *City of Kansas City v. Carlson*, 292 S.W.3d 368,

---

[1] All statutory references are to RSMo 2016, unless otherwise indicated.
[2] Respondent alleges the error is not preserved as to Sections 537.600.1(1) and (2) regarding the express waiver of sovereign immunity. However, we find the issue was raised and argued; therefore, it is properly preserved for appeal and we address the claim on its merits.

370 (Mo. App. W.D. 2009) (citing *Clifford Hindman Real Estate, Inc. v. City of Jennings*, 283 S.W.3d 804, 806-07 (Mo. App. E.D. 2009)).

*Analysis*

The party challenging the validity of the ordinance has the burden of proving the municipality exceeded its constitutional or statutory authority. *Coop. Home Care, Inc. v. City of St. Louis*, 514 S.W.3d 571, 578 (Mo. banc 2017) (citing *Parking Sys., Inc. v. Kansas City Downtown Redev. Corp.*, 518 S.W.2d 11, 16 (Mo. 1974)). City ordinances are to be upheld "unless the ordinance is expressly inconsistent or in irreconcilable conflict with the general law of the state." *Carlson*, 292 S.W.3d at 373 (citing *McCollum v. Dir. of Revenue*, 906 S.W.2d 368, 369 (Mo. banc 1995)). The test is "whether the ordinance 'permits what the statute prohibits' or 'prohibits what the statute permits.'" *Cape Motor Lodge, Inc. v. City of Cape Girardeau*, 706 S.W.2d 208, 211 (Mo. banc 1986). "Ordinances may supplement state laws" without creating a conflict, "but when the expressed or implied provisions of each are inconsistent or in irreconcilable conflict, then the statutes annul the ordinances." *State ex rel. Teefey v. Bd. of Zoning Adjustment of Kansas City*, 24 S.W.3d 681, 685 (Mo. banc 2000).

The ordinance at the heart of this appeal is Section 12.3, which states:

> **Notice of Suits.** No action shall be maintained against the city for or on account of an ***injury growing out of alleged negligence of the city*** unless notice shall first have been given in writing to the mayor within ninety days of the occurrence for which said damage is claimed, stating the place, time, character and circumstances of the injury, and that the person so injured will claim damages therefor from the city.

Section 12.3 (emphasis added).

The ordinance clearly imposes a limitation on a cause of action for negligence; thus the issue before this Court is whether it "prohibits what the statute permits" and is in "irreconcilable conflict with the general law of the state" such that the statute annuls the ordinance. This

3

determination is premised upon an analysis of the doctrine of sovereign immunity. In 1978, the legislature instituted sovereign immunity as it existed at common law, with two exceptions that were deemed to be waivers of immunity from liability.[3] Relevant to this appeal is the language of Section 537.600.1(2), which permits actions for negligence against cities, stating that immunity is "hereby expressly waived" for:

> Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, and the condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Section 537.600.1(2).[4]

However, to limit this express waiver of sovereign immunity, the legislature enacted Section 82.210 which requires notice to present claims against municipalities for injuries arising out of certain, limited dangerous conditions, as follows:

> No action shall be maintained against any city of this state which now has or may hereafter attain a population of *one hundred thousand inhabitants*, on account of any injuries growing out of *any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare* in said city, until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city.

Section 82.210 (emphasis added).[5]

---

[3] The legislature acted in response to the abrogation of sovereign immunity as to all claims arising on or after August 15, 1978, in *Jones v. State Highway Comm'n.*, 557 S.W.2d 225 (Mo. banc 1977).

[4] Section 537.600.1(1) also waives sovereign immunity for injuries directly resulting from the negligent operation of a motor vehicle by a public employee during the course of employment.

[5] In addition to Section 82.210, the General Assembly enacted three other notice of claim statutes, as the trial court correctly noted in its judgment: Section 77.600, RSMo 1986 (third class cities); Section 79.480, RSMo 1986 (fourth class cities); Section 81.060 (special charter cities with a population of 500 to 3,000). While these statutes clearly

In *Findley v. City of Kansas City*, 782 S.W.2d 393, 394-98 (Mo. banc 1990), the Missouri Supreme Court held Section 82.210 was constitutional and "statutorily cloaks municipalities in a limited immunity for defects in certain publicly maintained property." However, in *Jones* the Court emphasized that notice statutes were in derogation of the common law because the city's liability was premised in a proprietary and not sovereign capacity which requires narrow construction in favor of Plaintiff and against the city. *Jones*, 15 S.W.3d at 737. The plaintiff in *Jones* sued the city for damages when he was struck by an automobile, alleging improper use of a yield sign. *Id.* at 736-37. Without expressing views on the merits of the plaintiff's claim, the Court held it was "constrained by precedent" to give a narrow reading of these statutory terms, not an expansive one. *Id.* at 738. Therefore, an allegedly defective yield sign was "not part of any bridge, boulevard, street, sidewalk or thoroughfare within the purview of section 82.210." *Id.* at 738 (citing *Koontz v. City of St. Louis*, 89 S.W.2d 586, 588 (Mo. App. 1936)).

Both *Findley* and *Jones* analyzed Section 82.210 in the context of injuries that occurred in Kansas City which has a population of more than 100,000 inhabitants. That is not the case here because Respondent is a constitutional charter city with less than 100,000 inhabitants. Plaintiff and Respondent present compelling arguments regarding whether St. Charles could enact a similar limited notice requirement. However, we cannot reach the merits of this issue because the ordinance Respondent enacted does not actually mirror the state notice statutes as found by the trial court. Instead, Section 12.3 prohibits ***all actions*** against Respondent unless notice is provided within 90 days of an incident "for or on account of any injury growing out of alleged negligence of the city." This language is so broad that it encompasses all claims subject to the express waiver of sovereign immunity set forth in Section 537.600.1, but the state statutes

---

do not pertain to the Respondent in this matter, they do contain the same exact narrow notice exception to the waiver of sovereign immunity as Section 82.210.

only apply to "any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare." Moreover, the Missouri Supreme Court has only very narrowly construed even the limited provisions of the notice statutes. *Jones*, 15 S.W.3d at 737. Thus, Respondent's charter provision is void in that it "prohibits what the statute permits" and irreconcilably conflicts with state statutes. *Cape Motor Lodge, Inc.*, 706 S.W.2d at 211. The trial court erred in granting Respondent's motion to dismiss. Point granted.

## CONCLUSION

We reverse the judgment of the trial court and remand for further proceedings in accordance with this opinion.

_____

Lisa P. Page, Judge

Michael E. Gardner, P.J. and
James M. Dowd, J., concur.

6