

# SUPREME COURT OF MISSOURI
## en banc

RACHEL SENDER, )
                          )           *Opinion issued January 9, 2024*
            Appellant, )
                          )
v. )           No. SC100110
                          )
CITY OF ST. LOUIS, )
                          )
            Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
### The Honorable Joan L. Moriarty, Judge

Rachel Sender appeals the circuit court's dismissal of her claims against the City of St. Louis for failure to provide sufficient notice pursuant to section 82.210 to the City of her injury sustained in an accident on a bike path in Forest Park.[1] This Court finds the bike path is a thoroughfare pursuant to section 82.210 and, consequently, Sender was required to provide notice of her claim to the City. Because the transcript of the evidentiary hearing eliciting the sufficiency of notice was not provided in the record on appeal, this Court is unable to review the circuit court's determination that Sender's notice did not comply with section 82.210. The circuit court's judgment is affirmed.

---

[1] All statutory references are to RSMo 2016 unless otherwise indicated.

## Background

On August 12, 2018, Sender had a bicycle accident on the bike path. Because of an alleged defect on the bike path, she provided notice of her injury to the City on October 11 pursuant to section 82.210. This statute requires a claimant provide notice to the mayor of the city within 90 days of when the injury occurred. Sender wrote a letter to the City stating, "[Sender] suffered a broken clavicle, concussion and other injuries on/near South West corner, Forest Park Bike Path in St. Louis City, MO when she encountered a defect in the road …." The City's legal investigator replied to Sender on October 29 acknowledging her claim and requesting the following information: her birthdate, social security number, medical records, photographs, and police report. Sender responded with the requested information and included photos of the defect in the bike path.

On March 20, 2019, the investigator sent Sender another letter informing her the City would not accept liability for her claim because her letter "fail[ed] to adequately identify the location of the alleged incident" and did not specify the location "with any certainty." After the expiration of the 90-day statutory period, Sender provided the City with further information including Garmin data and maps showing the location of the accident.

Sender sued the City, alleging two counts of negligence based on premises and personal liability. The City moved to dismiss both counts and requested an evidentiary hearing regarding the sufficiency of the notice, arguing the content of Sender's letter was deficient because she had not adequately described the location of her injury. Sender

responded, contending, in part, the bike path was not an enumerated property in section 82.210 that entitled the City to notice. The circuit court held the evidentiary hearing, finding that, although a bike path is not specifically enumerated in section 82.210, it is a thoroughfare pursuant to the statute because "it is part of the continuous design and unobstructed way to direct public traffic." But the circuit court found the letter's description of the location was insufficient and affected the City's ability to fully investigate the claim, and, consequently prejudiced its ability to defend against the claim. The circuit court sustained the City's motion to dismiss Sender's petition with prejudice. Sender now appeals.[2]

## I.     Thoroughfare Pursuant to Section 82.210

Sender contends the circuit court erred in finding the bike path is a "thoroughfare" pursuant to section 82.210. That section "imposes sovereign immunity for injuries caused by defects in certain municipal, proprietary property" but allows suit if certain statutory conditions precedent are met. *Williams v. City of Kan. City*, 782 S.W.2d 64, 65 (Mo. banc 1990). Section 82.210 provides:

> No action shall be maintained against any city of this state which now has or may hereafter attain a population of one hundred thousand inhabitants, on account of any injuries growing out of any defect in the condition of any **bridge, boulevard, street, sidewalk or thoroughfare** in said city, until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city.

_____

[2] After an opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

(Emphasis added).

## Standard of Review

The interpretation of a statute is a question of law this Court reviews *de novo*. *Black River Motel, LLC v. Patriots Bank*, 669 S.W.3d 116, 122 (Mo. banc 2023). "This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Id.* (internal quotations omitted). This Court will look elsewhere for interpretation only when the language is ambiguous or would lead to an absurd or illogical result. *Id.* Because section 82.210 is a derogation of the common law, it is to be construed against the city and in favor of the injured party. *Jones v. City of Kan. City*, 15 S.W.3d 736, 737 (Mo. banc 2000).

## Analysis

Sender alleges the circuit court erred in: (1) expanding the list of enumerated properties contained in section 82.210 for which notice of claim is required to include a recreational, closed-circuit bike path; and (2) finding the bike path was a "thoroughfare" pursuant to section 82.210. In *Williams*, 782 S.W.2d at 65-66, this Court considered the meaning of "thoroughfare" as used in section 82.210 to determine whether the statute applied to steps leading from an airport terminal to a parking facility. *Williams* explained the list of defective property for which section 82.210 requires a notice of claim includes all "publicly maintained exterior improvements designed to *facilitate travel* for which the common law permitted liability because of their proprietary nature." *Id.* at 65 (emphasis added). The Court cited *Webster's Third New International Dictionary* (1976) for its definition of "thoroughfare"— "a way or place through which there is a passing … an

4

unobstructed way open to the public." *Id.* at 66 (alterations in original). Reasoning the steps were part of an unobstructed way through which there was a passing from the terminal building to the parking lot, the Court held the steps were part of a thoroughfare and the notice requirement of section 82.210 applied. *Id.*[3]

Sender relies on *Jones*, 15 S.W.3d at 738, in which this Court declined to expand section 82.210 to include a yield sign, reasoning the yield sign was not part of the street because it was located in a grassy area next to the street. *Jones*, however, is distinguishable. In *Jones*, the issue was whether an allegedly defective sign located in the grass next to a street was covered by section 82.210 as a "defect in the condition" of the street. *Id.* at 737. In Sender's case, the issue is not whether a condition near the bike path is a thoroughfare, but rather whether the bike path itself is a thoroughfare.

Sender further asserts the court of appeals also narrowly construed section 82.210 and found a berm near or adjacent to the street was not a thoroughfare. *Henson v. City of Springfield*, 524 S.W.3d 142, 147-48 (Mo. App. 2017). In *Henson*, the court of appeals rejected the construction of the word "thoroughfare" to include the berm because it was not part of any design to direct public, pedestrian traffic. *Id.* at 148. The bike path is unlike the berm in *Henson*, which was not part of any design to direct traffic. Rather, the bike path is a publicly maintained exterior improvement facilitating the travel of

---

[3] The Court also held the steps were part of a sidewalk because they were part of a continuous design to direct public, pedestrian traffic from the terminal to the parking lot. *Williams*, 782 S.W.2d at 65-66.

pedestrian traffic—the type of property contemplated by section 82.210 based on the analyses in *Williams*, *Jones*, and *Henson*.

Sender also argues the bike path is not a thoroughfare because it is a "closed-circuit, recreational use pathway" in which users do not pass from one location to another but, instead, end in the same spot where they began. This Court finds that argument unpersuasive. Although the bike path is a closed circuit, it is intersected by streets and connector paths. Persons using the bike path may get on and off the path where they choose and do not necessarily end in the same place they began. Accordingly, this Court holds the bike path is a thoroughfare pursuant to section 82.210, and Sender was required to provide notice of her claim to the City.

## II.     Sufficiency of Sender's Notice

Sender argues the circuit court erred and misapplied the law in sustaining the City's motion to dismiss because the notice was not so misleading that it affected the City's ability to fully investigate the claim and did not prejudice the City's ability to defend the claim.

## Standard of Review

The judgment of the circuit court in a court-tried case "will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Wilmoth v. Dir. of Revenue*, 669 S.W.3d 102, 108 (Mo. banc 2023). Allegations that the circuit court misapplied the law are reviewed *de novo*. *Singleton v. Singleton*, 659 S.W.3d 336, 341 (Mo. banc 2023). This Court

6

defers to the circuit court's factual determinations but reviews *de novo* the circuit court's legal conclusions and its application of law to the facts. *Id.*

**Analysis**

This Court in *Travis v Kansas City*, 491 S.W.2d 521 (Mo. banc 1973), addressed issue of whether a notice sent pursuant to section 82.210 met the intent and purpose of the statute In *Travis*, this Court articulated that, when a municipality asserts the content of a section 82.210 notice is so misleading that its right to fully investigate the occurrence is affected and its ability to defend against the claim has been limited or prejudiced, the municipality may request a hearing before the circuit court. *Id.* at 524. The circuit court reviews the evidence presented at this hearing, since referred to as a *Travis* hearing, to determine the truthfulness or falsity of the contents of the notice and conclude whether the contents permitted the city to make an investigation.[4] *Lewis v. City of Marceline*, 934 S.W.2d 280, 282-83 (Mo. banc 1996).

Here, the circuit court held a hearing and entered judgment stating, "In light of the testimony and evidence adduced at the *Travis* hearing, [Sender's] notice did not substantially conform with the intent and purpose of § 82.210." Sender asserts the circuit court erred in so finding because the court misapplied the law to the facts of her case.

---

[4] *Travis* determined strict adherence to section 82.210 is not required, and substantial compliance is sufficient. 491 S.W.2d at 523. This Court had previously held the prior version of the statute required strict compliance regarding the content of the notice. *Hackenyos v. City of St. Louis*, 203 S.W. 986, 989 (Mo. banc 1918). *Travis* adopted the position of the *Hackenyos* dissenting opinion, reasoning the statute does not contemplate the notice must be so certain and definite that the municipality could rely with perfect confidence upon the correctness of the notice without making an investigation. *Travis*, 491 S.W.2d at 523.

But she fails to provide the Court with the record of the facts. This Court cannot review Sender's claim of error without knowing the predicate facts to determine the legal question of whether the circuit court misapplied the law in finding Sender's notice insufficient based on those facts.

For this reason, this Court in *Travis* instructed the circuit court to conduct a hearing to determine the relevant facts. The circuit court here appropriately conducted the hearing, but on appeal, Sender did not provide any record of the hearing. Pursuant to Rule 81.12(a), "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision. It is divided into two components: the legal file and the transcript." Without the record of the hearing, this Court is unable to know the relevant predicate facts. Consequently, this Court cannot determine if the circuit court erroneously applied the law. *Krastanoff v. Williams*, 231 S.W.3d 205, 206-07 (Mo. App. 2007). When the record does not contain all information and documents essential for the Court to decide an issue on appeal, the claim of error cannot be reviewed. *Huber ex rel. Boothe v. Huber*, 204 S.W.3d 364, 368 (Mo. App. 2006).[5]

---

[5] The circuit court record shows Sender untimely requested the evidentiary hearing transcript on November 1, 2022, more than two months after her deadline to do so. The lack of the transcript was noted by the court of appeals in the following order on November 9, 2022:

> [Sender] filed a notice of appeal from a judgment dismissing her petition for failure to state a claim following an evidentiary hearing pursuant

**Conclusion**

The Forest Park bike path is a "thoroughfare" pursuant to section 82.210.  Because the sufficiency of Sender's notice cannot be reviewed without the *Travis* hearing transcript, the circuit court's judgment is affirmed.

 

 

_____

Mary R. Russell, Chief Justice

All concur.

---

to <u>Travis v. Kansas City</u>, 491 S.W.2d 521 (Mo. banc 1973).  The notice of appeal indicated that the record on appeal in this case consisted of only the legal file.  Thereafter, [Sender] filed the legal file, and [the City] filed a motion to correct the record on appeal pursuant to Rule 81.12(f). [The City] argues [Sender] failed to file the transcript of the evidentiary hearing, during which the trial court heard live testimony.  [The City] requests that this Court order [Sender] to file the evidentiary hearing transcript. ...

     Because the appellant has the burden of demonstrating error, it is her duty to provide the appellate court with a complete record of the underlying proceedings that is necessary to determine the issues raised on appeal. ...

     ... Here, it appears that [Sender] has elected to proceed with her appeal without the benefit of the evidentiary hearing transcript. If [the City] considers the transcript necessary to the disposition of this appeal, it may do so without leave of this Court until November 21, 2022, when [the City's] brief remains due. [The City's] motion to correct the record on appeal is hereby denied.